IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES LAWSON, | Civil Action |
| Plaintiff, | No. 18-11175 (RBK) (JS) |
| v. | |
| CHRIS CHRISTIE, et al., | **OPINION** |
| Defendants. | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Charles Lawson, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim.

I.     BACKGROUND

The Court will construe the allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names the following parties as Defendants in this matter: (1) then Governor Chris Christie; (2) the Office of the Attorney General; (3) the Cumberland County Courthouse; (4) the Director of the Division of Criminal Justice; (5) the Vineland Police Department; (6) the Honorable Judge Christen D'arrigo; and (7) then Attorney General Christopher S. Porrino.

With great liberality, the Court gleans from the Complaint that Defendants conspired, at some unspecified time, to deprive Plaintiff "of life, liberty, and pursuit of happiness" by keeping him unlawfully incarcerated at the Cumberland County Jail, where he has been "subjected to post dramatic[sic] stress, anxiety, frustration, [and] poor medical treatment." (ECF No. 1, at 4–5).

More specifically, the Office of the Attorney General established policies, practices, and procedures to support bail reform, and that the Vineland police officers arrested Plaintiff "under

this fraudulent system" and violated "their own procedure." (ECF No. 1-1, at 1). This violation somehow affected Plaintiff's Public Safety Assessment ("PSA") score under New Jersey's Bail Reform Act, which then "infringed on [his] constitutional rights." (*Id.*); *see generally* N.J. Stat. Ann. 2A:162–15 to –26. Plaintiff then summarily alleges that the remaining parties are also at fault for "advocat[ing]" for, or perhaps applying, bail reform policies, which violated his constitutional rights. (*Id.*).

Plaintiff filed the instant Complaint, seeking an order from the Court for monetary compensation, his immediately release, the eradication of the Bail Reform Act, and to "bring[] back monetary bail." (ECF No. 1, at 5).

## II.    STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

2

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Plaintiff's Complaint contains nearly no factual allegations[2] and is instead a collection of bare conclusions against the various Defendants, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). The Court gleans that Plaintiff believes he is wrongfully incarcerated in some part due to the application or enforcement of New Jersey's Bail Reform Act but fails to state when and how each Defendant *specifically* violated his constitutional rights. *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Nor does Plaintiff specify or imply, *which* of his constitutional rights were violated. (ECF No. 1).

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss without prejudice Plaintiff's Complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

---

[2] The only specific factual allegation in the entire Complaint is that Vineland police officers "failed to attach [his] fingerprints with a complaint" in violation of an unspecified procedure. Plaintiff contends that this somehow changed his Public Safety Assessment score under the Bail Reform Act but alleges no other details. (ECF No. 1-1).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: April 2 , 2019

   s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge